FILED
DISTRICT COURT
DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

05 MAY -2  AM 9: 47

LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| INDIANA DEMOCRATIC PARTY, and MARION COUNTY DEMOCRATIC CENTRAL COMMITTEE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO: |
| TODD ROKITA, in his official capacity as Indiana Secretary of State; J. BRADLEY KING, and KRISTI ROBERTSON, each in their official capacities as co-directors of the Indiana Election Division, | ) ) ) ) ) ) ) | **1 : 05-cv- 0 6 3 4 -SEB -VSS** |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, Indiana Democratic Party and Marion County Democratic Central

Committee (hereinafter "Democrats"), by their undersigned attorneys, for their complaint

against Defendants, Todd Rokita ("Rokita"), J. Bradley King ("King") and Kristi

Robertson ("Robertson"), state as follows:

### JURISDICTION

1.     This Court has subject matter jurisdiction over Democrats' claims pursuant

to 28 U.S.C. §§1331, 1343(a)(3) and 2201. Democrats bring this action under 42 U.S.C.

§1983 and seek to redress the deprivation, under color of State law, of rights, privileges

and immunities secured by the Constitution and laws of the United States belonging to

those voters who associate with them.

## PARTIES

2.      Democrats are political party organizations dedicated to electing candidates of the Democratic Party to public office in Marion County, and throughout Indiana, and with which are associated hundreds of thousands of registered voters who regularly support and vote for candidates who are affiliated with the Democratic Party. Many of the registered voters associated with the Democratic Party are persons of color, elderly persons residing in retirement facilities, disabled persons, homeless persons, students, and persons with limited or no income or wealth who do not or cannot afford to drive and who do not possess drivers' licenses issued by the State of Indiana, but who are registered to vote and desire to have their vote counted in future elections.

3.      Democrats have standing to assert the rights of those registered voters who associate with them and who will be voting, or who desire to vote, in future elections for public office, including the elections scheduled in May and November, 2006.

4.      Many of these registered voters will be deterred or prevented from voting, or their votes will not be counted, because of the actions of Defendants Rokita, King and Robertson, and those election officials acting in concert with them, to enforce the photo identification mandates of Senate Enrolled Act 483 (hereinafter "SEA 483"), which was signed into law by the Governor of the State of Indiana on April 27, 2005.

-2-

5.     Defendant Rokita is the Indiana Secretary of State and in that capacity is the chief election official of the State of Indiana. I.C. § 3-6-3.7-1.

6.     Defendants King and Robertson are the co-directors of the Indiana Election Division of Secretary of State Rokita's office and are responsible for the administration of various election functions to assist Defendant Rokita in implementing state and federal election laws, including SEA 483. Their duties include instruction of local election officials regarding their legal responsibilities under Indiana's Election Code, publishing and disseminating to the public and election officials brochures and manuals explaining their rights and responsibilities under the Election Code, and preparing and transmitting forms used by local election officials in the conduct of elections. I.C. §§ 3-6-4.2-14 and 3-5-4-8(b).

## FACTUAL ALLEGATIONS

7.     In accordance with Article 2, Section 2, of the Indiana Constitution, as well as Ind. Code §3-7-13-1, a person who will be at least eighteen (18) years of age at the next general, municipal, or special election; is a United States citizen; and resides in a precinct continuously before a general, municipal, or special election for at least thirty (30) days; may, upon making a proper application, register to vote and vote in that precinct, except that Indiana law disenfranchises certain prisoners. Ind. Code §3-7-13-4.

8.     SEA 483 requires precinct officials to ask all registered voters to provide proof of identification before the voter is permitted to vote. The only form of

identification permitted by SEA 483 is a document issued by the United States or the State of Indiana that shows: (1) the name of the person to whom the document was issued which "conforms to the name in the individual's voter registration record," (2) contains a photograph of that person, and (3) is not expired or which expired subsequent to the most recent general election.

9. Pursuant to SEA 483, a registered and otherwise qualified voter who is unable or unwilling to produce the required form of identification may not receive a regular ballot but instead will be given a provisional ballot if the voter signs the required affidavit. That provisional ballot will not be counted, however, unless the voter, before Noon of the Monday following the election, personally appears before the county election board or the circuit court clerk and either (1) provides the required photo identification and executes an affidavit affirming that the voter is the same person who cast the provisional ballot on election day, or (2) executes an affidavit affirming under the penalties of perjury that the voter is either "indigent and unable to obtain proof of identification without the payment of a fee" or has a "religious objection to being photographed".

10. The photo identification requirements in SEA 483 do not apply to voters who apply for and cast an absentee ballot.

11. The photo identification requirements in SEA 483 do not apply to voters who reside and vote at polling places located at certain state licensed care facilities.

12.     According to the U.S. Census Bureau, the 2000 federal census showed that 7.2% of the over 2.5 million households in Indiana do not own motor vehicles.

13.     Compliance with SEA 483 by registered and otherwise qualified voters who do not currently possess drivers' licenses or other state or federal-issued photographic identification will entail considerable expense.  In this regard, a registered and otherwise qualified voter without a driver's license or other state or federal-issued photographic identification must obtain public or other form of transportation to visit a Bureau of Motor Vehicles' site and must obtain and present other forms of identification, normally a birth certificate, to obtain photo identification of the type required by SEA 483 to vote and thus to have one's vote counted.

14.     Birth certificates in Marion County cost $10 to obtain.

### COUNT I
### Fourteenth Amendment Claims

15.     The right to vote freely is a fundamental political right which is at the heart of our democracy and is the citizens' link to the laws and the government to which they are subject and is protected by the Fourteenth Amendment from arbitrary or disparate abridgement.

16.     By requiring registered and otherwise qualified voters who do not presently possess the type of photo identification required by SEA 483 to obtain such photo identification before voting or to present same to county election boards or clerks by Noon of the Monday following an election in order to have the voter's provisional ballot

counted, SEA 483 substantially burdens the exercise of a fundamental constitutional right - - the right to vote in public elections for federal, state and local offices and to have one's vote counted - - in violation of the Fourteenth Amendment.

17.     By requiring registered and otherwise qualified voters to present particular forms of photo identification as a prerequisite to having one's vote counted, SEA 483 will, unless Defendants are preliminarily and permanently enjoined by this Court from enforcing it, selectively and arbitrarily burden and/or disenfranchise certain registered and otherwise qualified voters associated with the Democratic Party, in violation of the Fourteenth Amendment.

18.     The burdens imposed by SEA 483 will likely deter many registered and otherwise qualified voters associated with the Democratic Party who do not possess federal or state- issued photo identification from exercising their constitutional right to vote.

19.     Because of the expenses associated with obtaining state or federal-issued photo identification, SEA 483 will impose what is essentially a poll tax upon Indiana voters who do not currently possess such identification.

20.     The burdens associated with this de facto poll tax will fall with disproportionate impact upon registered and otherwise qualified voters without photo identification who are poor or of otherwise limited means.

-6-

21.     Defendants have not demonstrated and cannot show any compelling governmental interest that would be served by conditioning the right of a registered and otherwise qualified voter to vote and to have his or her vote counted upon the possession and display at the polls, or later before the County Election Board or Circuit Court Clerk, of a valid or recently-expired federal or State-issued photo identification card.

22.     During the legislative process leading to its enactment the proponents of SEA 483 could not and did not point to a single incident of any voter anywhere in the State of Indiana ever having attempted to commit voter fraud by impersonating another registered voter or who was convicted of or even charged with such an offense.

23.     SEA 483 is not narrowly tailored to achieve any compelling governmental interest.

24.     There are more effective, alternative means of protecting the integrity of elections that are far less burdensome, costly, and injurious to the right to vote than those burdens imposed upon registered and otherwise qualified voters by SEA 483.

25.     Any claim by Defendants that SEA 483 is designed to protect against voter fraud and to ensure the integrity of elections is contradicted by the fact that SEA 483's photo identification requirements are not universally applicable to all voters, as SEA 483 specifically exempts certain voters, in particular those registered voters who apply for, receive and vote by absentee ballot, wherein the opportunities for fraud are far greater than in-person voting on election day.

26.     Under current Indiana law, Indiana Code §3-14-2-16(a), a person who knowingly applies for or receives a ballot in a precinct other than that precinct in which the person is entitled to vote commits a felony.

27.     Under current federal law, 42 U.S.C. § 1973i (e)(1), a voter who votes more than once in an election for federal office may be imprisoned for five (5) years and fined $10,000.

28.     Because it will be enforced at the precinct level by unelected partisan election workers, SEA 483 is highly susceptible to selective enforcement and discriminatory application.

## COUNT II
## First Amendment Claims

29.     Democrats hereby incorporate the allegations contained in paragraphs 1 through 28 of Count I as rhetorical paragraph 29 of Count II.

30.     The right to vote freely is a fundamental political right which is at the heart of our democracy and is the citizens' link to the laws and the government to which they are subject and is expressive or symbolic speech protected by the First Amendment.

31.     By requiring registered and otherwise qualified voters who do not possess the type of photo identification required by SEA 483 to make a second or additional trips to obtain such photo identification and the required proofs of identity before appearing at the polls, or to present such photo identification to the County Election Board or the Circuit Court Clerk by Noon of the Monday following the election in order to have the

-8-

voter's provisional ballot counted, SEA 483 substantially burdens the exercise of a fundamental right - - the right to vote in public elections for federal, state and local offices and to have one's vote counted - - in violation of the First Amendment.

## COUNT III
### Statutory Claims

32.    Democrats hereby incorporate the allegations contained in paragraphs 1 through 31 of Counts I and II as rhetorical paragraph 32 of Count III.

33.    Under the Voting Rights Act of 1965, as amended, 42 U.S.C. §1971 *et seq.*, the word "vote" is defined as and includes "all actions necessary to make a vote effective including, but not limited to, registration or other actions required by State law prerequisite to voting, casting a ballot, and having such ballot counted and included in the appropriate totals of votes cast with respect to candidates for public office . . . . ".  42 U.S.C. §1971(e).

34.    SEA 483, which requires some, but not all, voters to produce state or federal issued photo identification as a condition of voting and having their vote counted, violates the Voting Rights Act, 42 U.S.C. §1971(a)(2)(A), which prohibits the utilization under color of state law of any practices in the determination of voter eligibility which differ from those applied to other individuals in the same county, who have already been found by State officials to be qualified to vote.

35.    SEA 483, which requires some, but not all, voters to produce state or federal issued photo identification as a condition of voting and to having their vote

-9-

counted violates the Voting Rights Act, 42 U.S.C. §1971(a)(2)(B), in that the presentation of a state or federal issued photo identification is not a material or uniform prerequisite in determining the eligibility to vote under Indiana law.

36.    SEA 483, which requires some, but not all, voters to produce state or federal issued photo identification as a condition of voting and have their votes counted, violates the National Voter Registration Act of 1993 ("NVRA"), specifically 42 U.S.C. §§1973gg-6, because it conflicts with the provisions of the NVRA under which certain voters who move must be permitted to vote in a Federal election merely upon oral affirmation or confirmation of the voter's identity and address.

37.    SEA 483 violates the Help America Vote Act of 2002, 42 U.S.C. §§15301, *et seq.,* specifically 42 U.S.C. §15483(b)(1) and (2), which establishes national standards for what types of identification voters, especially first-time voters and those who do not include some form of identification when registering by mail, need to bring to the polls, and which Congress directed be construed in harmony with the NVRA, 42 U.S.C. §15545 (a)(4), and with the Voting Rights Act, 42 U.S.C. §15545(a)(1).

## ALLEGATIONS RELATING TO REQUEST FOR
## PRELIMINARY INJUNCTIVE RELIEF

38.    Democrats and the registered voters who associate with them and whom they represent in this matter have no adequate remedy at law.

39.    The balance of hardships weighs in favor of Democrats and the registered voters who associate with them.

-10-

40.     The fundamental constitutional right of these registered and otherwise qualified voters to vote and to have their votes counted will be irreparably harmed if SEA 483 is enforced in future elections, beginning with the May primary and November 2006 general elections.

41.     The public interest will not be disserved by granting Democrats' request for a preliminary injunction preventing the Defendants from implementing or enforcing the photo identification mandates of SEA 483.

WHEREFORE, Democrats pray the Court for the following relief:

A.      A declaratory judgment that the mandatory photo identification requirements of SEA 483 violate the First and Fourteenth Amendments to the United States Constitution, and/or the Voting Rights Act, 42 U.S.C. §1971(a)(2)(A) and/or (B); and/or the NVRA, 42 U.S.C. §1973gg-6; and/or HAVA, 42 U.S.C. §15483(b)(1) and (2).

B.      A preliminary and permanent injunction prohibiting Defendants Rokita, King and Robertson, and all those acting in active concert with them, from implementing or enforcing the photo identification requirements of SEA 483 with respect to any future elections, beginning with those elections scheduled in May and November, 2006.

C.      That the Court order a speedy hearing and advance this case on its calendar as provided in Rules 57 and 65(a)(2) of the Federal Rules of Civil Procedure.

D.      Judgment for Democrats' costs and reasonable attorneys' fees pursuant to 42 U.S.C. §1988.

E.     Any other or further relief which the Court may deem appropriate or proper

in the premises.

Respectfully submitted,

William R. Groth
E-mail: wgroth@fdgtlaborlaw.com

Geoffrey S. Lohman
E-mail: glohman@fdgtlaborlaw.com

FILLENWARTH DENNERLINE GROTH & TOWE
1213 North Arlington Avenue, Suite 204
Indianapolis, IN 46219
Telephone:   (317) 353-9363
Telecopier:   (317) 351-7232

Barry A. Macey
E-mail:   bmacey@maceylaw.com

MACEY SWANSON & ALLMAN
445 N. Pennsylvania Street, Suite 401
Indianapolis, IN 46204
Telephone:   (317) 637-2345
Telecopier:   (317) 637-2369

*Attorneys for Plaintiffs, Indiana Democratic
Party and Marion County Democratic Central
Committee*

p/535/je

-12-